IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD G. MURPHY, III, Appellant | : | CIVIL ACTION |
| v. | : | |
| SECURITIES INVESTOR PROTECTION CORP., Appellee | : | NO. 05-2311 |

MEMORANDUM AND ORDER

McLaughlin, J October 14, 2005

This appeal concerns a dispute between Edward G. Murphy, III ("Murphy") and the Securities Investor Protection Corporation (the "SIPC") over the liability of Murphy to the SIPC for customer claims that have been allowed by the SIPC against Selheimer & Co. (the "Debtor").[1] The Bankruptcy Court granted the SIPC's motion for partial summary judgment and held that Murphy is liable for payments advanced by the SIPC in satisfaction of three customer claims by Enis Witt Best, Deborah Stone and the estate of Edwin Fugate as well as for one allowed, but not yet paid customer claim by Jeanne Murphy. Following this decision, the Bankruptcy Court granted the SIPC's motion for a final judgment under Fed. R. Civ. P. 54(b) as to the Fugate, Best and Stone claims.

The Court finds that the Bankruptcy Court incorrectly

[1] The SIPC is the bankruptcy trustee for the Debtor.

issued a final judgment under Rule 54(b) and will reverse on this ground.

I. Factual Background

The Debtor was formed as a partnership in 1967. It acted as a securities broker-dealer and also provided financial services. On December 7, 1994, the Debtor closed its business because of an SEC investigation. The Debtor was a member of the SIPC and was registered with the SEC as a securities broker-dealer.

As a result of the SEC investigation, Perry A. Selheimer, the managing general partner of the Debtor, was charged with various criminal acts and pled guilty to mail fraud. In connection with that plea, Mr. Selheimer admitted that the sale of securities provided to him by Edwin Fugate, Enis Witt Best, Deborah Stone (Murphy's sister) and Jeanne Murphy (Murphy's mother) involved an abuse of a position of trust.

On September 8, 1997, the SIPC caused notices to be published and mailed regarding the commencement of a direct payment procedure with respect to the Debtor. Enis Witt Best, Deborah Stone, Jeanne Murphy and the estate of Edwin Fugate, all filed claims. The customer claim of the Fugate Estate was allowed by the SIPC in the amount of $63,963.12. The claim by Enis Witt Best was initially denied by the SIPC, but that claim

was later settled for $25,000. The claims by Deborah Stone and Jeanne Murphy were also denied at first. Following that denial, the Bankruptcy Court issued an order allowing those claims. In September of 2002, the SIPC paid Deborah Stone $162,195 in satisfaction of her claim. On June 21, 2004, the SIPC made a formal redetermination of Jeanne Murphy's claim and allowed that claim in the amount of $840,667. Jeanne Murphy has opposed this determination and is currently litigating her claim in the Bankruptcy Court.

At present, all that is left of the Debtor's estate are claims against its general partners. The SIPC argues that Murphy is a general partner of the Debtor and on June 6, 2004, commenced this proceeding. The SIPC seeks to recover, from Murphy, the deficiency between the property of the Debtor and the amount of the claims that have been allowed.

The Bankruptcy Court granted the SIPC's motion for partial summary judgment on January 20, 2005 and held that Murphy was liable in the amount of $251,158.12 for the customer claims paid by the SIPC to the Fugate Estate, Enis Witt Best and Deborah Stone. Additionally, the Bankruptcy Court found Murphy liable for at least $840,667 that the SIPC has allowed, but not yet paid to Jeanne Murphy.

Following the January 20 decision, Murphy filed a motion for reconsideration and also requested a stay of the

Bankruptcy Court's order. The SIPC filed a motion requesting that a final order be issued under Fed. R. Civ. P. 54(b) with respect to the claims of Fugate, Best and Stone.

On April 12, 2005, the Bankruptcy Court denied Murphy's motion for reconsideration. In the same decision, the Bankruptcy Court granted the SIPC's motion for a partial final judgment under Fed. R. Civ. P. 54(b). Finally, the Bankruptcy Court granted Murphy' motion for a stay but required that he post a bond of $1.25 million.

On appeal, Murphy has challenged the Bankruptcy Court's decisions that: granted the SIPC's Rule 54(b) motion; granted the SIPC's motion for partial summary judgment; and required that Murphy post a bond as a condition of his motion for a stay being granted.

## II. Legal Analysis

### A. Standard of review

A district court reviews a bankruptcy court's factual findings under a clearly erroneous standard. A bankruptcy court's factual findings are not clearly erroneous unless the findings are completely devoid of minimum evidentiary support displaying some hue of credibility or bear no rational relationship to the supportive evidentiary data. A district court's review of a bankruptcy court's legal determinations is

plenary. Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir. 2002); see also Bankr. R. 8013.

B. Partial Final Judgment Under Rule 54(b)

The Court must first consider whether the Bankruptcy Court was correct in granting the SIPC's motion for a partial final judgment under Fed R. Civ. P. 54(b).

The Bankruptcy Court granted the SIPC a final judgment as to some but not all of the claims the SIPC has brought against Murphy. In its January 20, 2005 decision, the Bankruptcy Court granted the SIPC's motion for partial summary judgment and held that Murphy was liable for claims that the SIPC paid out to the Fugate Estate, Enis Witt Best and Deborah Stone. The Bankruptcy Court also held that Murphy is liable for the claim of Jeanne Murphy in the amount of $840,667. This decision did not represent a final determination as to all claims in this case because the exact amount of Jeanne Murphy's claim is still being adjudicated.

Following this decision, the SIPC moved for a final judgment to be issued against Murphy in the amount of $251,158.12 under Rule 54(b). $251,158.12 represents the total amount of the claims of Fugate, Best and Stone. The SIPC did not request a final judgment as to the claim of Jeanne Murphy. The Bankruptcy Court granted the SIPC's motion on April 12, 2005. Thus, the

Bankruptcy Court has granted final judgment as to some, but not all of the claims the SIPC has brought against Murphy.

If the Bankruptcy Court was correct to grant the SIPC's Rule 54(b) motion, then this Court can review the Bankruptcy Court's summary judgment decision and its holding that Murphy post a bond as a condition of a stay being granted. However, if the Bankruptcy Court was incorrect in its Rule 54(b) determination, the Bankruptcy Court has not properly issued a final order and Murphy could appeal the Bankruptcy Court's orders granting summary judgment and granting a stay only with leave of the court.[2] In re White Beauty View Inc., 841 F.2d 524, 527 (3d Cir. 1988); 28 U.S.C. § 158(a)(3).

In considering the SIPC's request for a partial final judgment under Rule 54(b), the Bankruptcy Court looked first to the language of the rule. Rule 54(b) states that when a case involves multiple claims, a court may issue a final judgment as to some but not all of the claims "only upon an express

[2] To take an appeal of an interlocutory judgment by leave, the appellant must file a notice of appeal which is accompanied by a motion for leave to appeal to which the other party has an opportunity to respond. Bankr. R. 8001(b); Bankr. R. 8003(a). No such motion has been filed in this case. A district court may also grant leave to appeal even in the absence of a motion. Bankr. R. 8003(c). Here, Murphy has argued that the Bankruptcy Court should not have granted a partial final judgment under Rule 54(b). Because Murphy has argued affirmatively against the appealability of the Bankruptcy Court's judgment, this Court will not impose a right to appeal on him. Thus, the Court may only hear this appeal if the Bankruptcy Court has issued a proper final judgment under Rule 54(b).

determination that there is no just reason for delay and upon the express direction for the entry of judgment." Fed. R. Civ. P. 54(b).

The Bankruptcy Court then applied the factors set forth in Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360 (3d Cir. 1975). Those factors are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [bankruptcy] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Allis-Chalmers, 521 F.2d at 364 (internal citations omitted). Depending on the facts of the particular case, all or some of these factors may bear upon a determination under Rule 54(b). Id.

The Bankruptcy Court determined that the first four factors weighed in favor of granting a partial final judgment, but that the miscellaneous factors did not. Specifically, the Bankruptcy Court found that: the only common element between the liquidated claims of Fugate, Best and Stone and the unliquidated claim of Jeanne Murphy is that Murphy will have to pay both of them; its determination of the amount of Jeanne Murphy's claim would not affect an appellate review of the liquidated claims;

the appeal of the Jeanne Murphy claim would not implicate the same issues as this appeal and even if it did, the law of the case doctrine would apply; and there is nothing Murphy can do to offset what he owes the SIPC. The Bankruptcy Court also found that the SIPC has not demonstrated a pressing need for a final judgment and found no evidence that the SIPC would be prejudiced if its Rule 54(b) motion was not granted.

The Bankruptcy Court concluded that "while there may be no reason for delay, there may also be no reason to hasten to final judgment." Despite this conclusion, the Bankruptcy Court granted the SIPC's Rule 54(b) motion, but then stayed that judgment under Fed. R. Civ. P. 62(h).

Murphy has appealed the Bankruptcy Court's grant of the SIPC's Rule 54(b) motion.[3] First, Murphy has challenged the Bankruptcy Court's findings pursuant to its application of the Allis-Chalmers factors. Second, Murphy asserts that the granting of the SIPC's Rule 54(b) motion was improper in light of the Bankruptcy Court's determination that the SIPC would not be

[3] In reviewing a Rule 54(b) determination, a court must consider two separate issues: (1) is the judgment final; and (2) does a balance of the judicial administrative interests and equities show that the judgment was ready for appeal. Waldorf v. Shuta, 142 F.3d 601, 608 (3d Cir. 1998). Murphy has not challenged the finality of the judgment. (Appellant Br. 8). Furthermore, the Bankruptcy Court made clear in its April 12, 2005 order that it was granting the SPIC's motion for a partial final judgment under Rule 54(b). The Court will consider Murphy's challenges to the Bankruptcy Court's determination that the judgment was ready for appeal.

prejudiced by the denial of its Rule 54(b) motion.

Generally, courts are less concerned about finality for bankruptcy appeals. In re Jeannette Corp., 832 F.2d 43, 45 (3d Cir. 1987). However, this liberal approach does not apply in situations unrelated to the special needs of bankruptcy litigation. Id. When dealing with an appeal of an adversary proceeding, a court should apply the same concepts of appealability as in general civil litigation. In re White Beauty View, 841 F.2d at 526. Thus, the Court will apply general concepts of finality in assessing the Bankruptcy Court's issuance of a partial final judgment under Rule 54(b).

First, the Court concludes that the Bankruptcy Court did not abuse its discretion in applying the Allis-Chalmers factors. The Supreme Court has held that a reviewing court should overturn the trial court's balance of the equities in a Rule 54(b) determination only if the conclusions by the trial court were clearly unreasonable. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980). The trial court's assessment merits substantial deference. Id.

The Bankruptcy Court carefully considered the factors laid out in Allis-Chalmers and this Court sees no reason to revisit that analysis. Except for a few conclusory statements that there are still outstanding issues in this case and that Murphy will have to relitigate the same issues, Murphy has not

put forth any arguments that the Bankruptcy Court improperly balanced the Allis-Chalmers factors.

Second, the Court will consider whether the Bankruptcy Court was correct to grant the SIPC's Rule 54(b) motion in light of its conclusion that the Allis-Chalmers factors were essentially neutral as to the SIPC's Rule 54(b) motion.

The Supreme Court has instructed that a decision under Rule 54(b) is best left to the sound discretion of a trial court. Curtiss-Wright Corp., 446 U.S. at 10. The proper role of a reviewing court "is not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record." Id. The Bankruptcy Court is in the best position to weigh the various facts of this case. This Court finds no reason to disturb the Bankruptcy Court's balance of the equities under Allis-Chalmers. The Court concludes, however, that the Bankruptcy Court incorrectly applied the applicable legal standard once the balance of the equities was complete.

The United States Court of Appeals for the Third Circuit, in Panichella v. Pennsylvania Railroad Co., 252 F.2d 452 (3d Cir. 1958), and succeeding cases has made clear that in a Rule 54(b) determination, the burden is on the party seeking a partial final judgment to demonstrate that the matter is an

"infrequent harsh case"[4] that merits a favorable exercise of discretion. Allis-Chalmers, 521 F.2d at 365. Analyzing the Panichella decision, a leading commentator concluded that some showing must be made by the party desiring a Rule 54(b) judgment to overcome the normal rule that no appeal be heard until the entire case has been completed. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2659.

Additionally, a Rule 54(b) motion should not be granted unless there is some showing of hardship or unfairness that would be alleviated by a Rule 54(b) determination. Panichella, 252 F.2d at 455; see also 10 Moore's Federal Practice, § 54.23[1][b] (Matthew Bender 3d ed. 2000). In addition to the Court of Appeals's decision in Panichella, cases in other circuits have also required a showing of some hardship or injustice that would be alleviated by an immediate appeal in order for a Rule 54(b) determination to be proper. See e.g., O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003); Burlington N. R.R. Co. v. Bair, 754 F.2d 799, 800 (8th Cir. 1985); Rudd Constr. Equip. Co., Inc. v. Home Ins. Co., 711 F.2d 54, 56 (6th Cir. 1983).

Finally, "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel" and should only be

---

[4] The Supreme Court has held that the phrase "infrequent harsh case" in isolation is not a reliable standard for appellate review. Curtiss-Wright Corp., 446 U.S. at 10. That term is used here simply as a description of the type of case that warrants a Rule 54(b) determination.

used for "the improved administration of justice and the more satisfactory disposition of litigation." Panichella, 252 F.2d at 455; see also 10 Moore's Federal Practice, supra, § 54.23[3]. Although there is no precise test to determine when a Rule 54(b) determination is properly made, such a determination is not to be entered routinely. Curtiss-Wright Corp., 446 U.S. at 10-11.

After weighing the Allis-Chalmers factors, the Bankruptcy Court concluded that "while there may be no reason for delay, there may also be no reason to hasten to final judgment." This Court accepts that conclusion, but holds that such a situation does not merit a grant of a partial final judgment under Rule 54(b).

First, the Bankruptcy Court did not find that the SIPC had met its burden in showing that a Rule 54(b) determination was appropriate. See Allis-Chalmers, 521 F.2d at 365. Rather, the Bankruptcy Court found that the balance of the equities did not weigh heavily for or against a Rule 54(b) determination. In such a case, a court should not depart from the general rule that an appeal should not be heard until the entire case is completed. See Wright, Miller & Kane, supra, § 2659.

Second, the Bankruptcy Court made no finding that any injustice or hardship would be alleviated by granting the SIPC's motion for partial final judgment. See Panichella, 252 F.2d at 455; 10 Moore's Federal Practice, supra, § 54.23[1][b]. Instead,

the Bankruptcy Court found that the SIPC had not demonstrated a pressing need for a Rule 54(b) determination.

Third, the Bankruptcy Court made no finding that this case fell into the category of the "infrequent harsh case" or that the administration of justice would be improved. See Allis-Chalmers, 521 F.2d at 365; Panichella, 252 F.2d at 455. In fact, the Bankruptcy Court appeared to grant the SIPC's Rule 54(b) motion mostly as an accommodation to counsel by attempting to strike a compromise by granting the Rule 54(b) motion and issuing a stay simultaneously.

Finally, the Court notes that there is some confusion regarding which claims were covered by the Bankruptcy Court's order granting a partial final judgment. Both parties and the Court agree that the judgment that Murphy was liable for the Best, Fugate and Stone claims was certified as final by the Bankruptcy Court. The Court does not read the Bankruptcy Court's order as issuing a final judgment that Murphy was liable to the SIPC for Jeanne Murphy's claim. Although the Bankruptcy Court's April 12, 2005 order was not explicit as to which claims final judgment was being entered for, that order stated that the SIPC's Rule 54(b) motion was granted. The SIPC's 54(b) motion only requested a final judgment against Murphy with respect to the Best, Fugate and Stone claims. The Bankruptcy Court did make a determination that Murphy is liable to the SIPC for at least

$840,667 for the Jeanne Murphy claim in its January 20, 2005 order granting the SIPC partial summary judgment. However, no such determination was included in the April 12, 2005 order that granted the SIPC's Rule 54(b) motion.

That said, both parties seem to be under the impression that the Bankruptcy Court also granted a final judgment that Murphy was liable for the Jeanne Murphy claim in the amount of $840,667. In fact, the parties have represented that enforcement proceedings have commenced against Murphy with respect to the Jeanne Murphy claim.

The United States Court of Appeals for the Third Circuit has held that clear reasons should be set out to support a Rule 54(b) determination. Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1003 (3d Cir. 1992). To the extent that the Bankruptcy Court's order issuing a partial final judgment was unclear as to which claims it covered, that is an additional reason why the Bankruptcy Court's Rule 54(b) determination was improper.

III. Conclusion

For the foregoing reasons, the Bankruptcy Court's decision granting the SIPC's motion for an express determination under Rule 54(b) and for a partial final judgment should be reversed. The Court is without jurisdiction to consider any

other aspects of the Bankruptcy Court’s decision.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD G. MURPHY, III,<br>Appellant<br><br>v.<br><br>SECURITIES INVESTOR PROTECTION CORP.,<br>Appellee | : | CIVIL ACTION<br><br><br><br><br><br>NO. 05-2311 |

ORDER

AND NOW, this 14th day of October, 2005, upon consideration of the appeal by Edward G. Murphy, III of the Bankruptcy Court's Order of April 12, 2005, the briefs of the appellant and appellee and arguments presented at a hearing held on October 6, 2005, IT IS HEREBY ORDERED that for the reasons set forth in a memorandum of this date, the Bankruptcy Court's Order is REVERSED to the extent that Order granted the SIPC's Motion for an Express Determination Under Rule 54(b) and for a Partial Final Judgment. The Court is without jurisdiction to consider any other aspects of the Bankruptcy Court's Order.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. MCLAUGHLIN, J.